UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NICHOLAS TRISTIAN WALKER, <br> Plaintiff, <br><br> v. <br><br> ASHBEL T. WALL, II, et al., <br> Defendants. | C. A. No. 13-303-M |

MEMORANDUM AND ORDER

JOHN J. McCONNELL, JR., United States District Judge.

Nicholas Tristian Walker filed a civil rights action against fourteen defendants[1] affiliated with the Rhode Island Department of Corrections ("RIDOC"). (ECF No. 1.) Mr. Walker also filed an Application to Proceed without Prepayment of Fees and Affidavit ("IFP Application"). (ECF No. 2.) After review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(a), the Court concludes that Mr. Walker has failed to state any actionable claims against any of the fourteen defendants.

I. ALLEGATIONS

Mr. Walker filed a Complaint, a Civil Cover Sheet, and forty-four pages of materials containing a variety of handwritten correspondence and inmate records.[2] (ECF Nos. 1, 1-1, 1-2.)

---

[1] The defendants are: (i) Ashbel T. Wall, II, Director of the RIDOC; (ii) David McCauley, Assistant Director of Operations; (iii) Bobby Cutlow, Internal Affairs; (iv) Roy Wells, Internal Affairs; (v) James Weeden, Warden; (vi) Alfred Leach, Deputy Warden; (vii) Barbara Headen, Captain; (viii) Mike Tierney, Lieutenant; (ix) Richard Destefano, Correctional Officer ("CO"); (x) Douglas Worden, CO; (xi) Daniel Ventura, CO; (xii) Shane Lindell, CO; (xiii) Lieutenant Doyle; and (xiv) Anthony Amaral, Social Counselor. (ECF No. 1 at 1-2.) Mr. Walker states that he is suing the defendants in both their individual and official capacities. He does not specify the capacity in which he is suing any of the defendants and does not indicate which claims he is bringing against each defendant. (ECF No. 1 at 4.)

[2] To ascertain whether Mr. Walker stated a claim, the Court reviewed all of the material submitted. *See Schofield v. Clarke*, 769 F. Supp. 2d 42, 45 (D. Mass. 2011) (court looks at "the

Mr. Walker seeks to use 42 U.S.C. § 1983 to remedy violations of his rights under the Eighth and Fourteenth Amendments to the United States Constitution, as well as the Due Process Clause. (ECF No. 1-3.)

In his Civil Cover Sheet, Mr. Walker asserts that on March 16, 2013 CO Destefano assaulted him shortly after making vulgar sexual comments to him. (ECF No. 1 at 4.) Mr. Walker further states that he "was ignored through the entire chain of command." *Id.* In the Complaint's "Statement of Claim," Mr. Walker adds his entire module was punished because of his lewd comment. *Id.* He explains that once he "owned up to his actions," the "tossing" of the cells ended.[3] (ECF No. 1-1 at 1.) Regarding the assault, Mr. Walker alleges that he "was never properly handcuffed" and suffered minor injuries, mental anguish, and anxiety. (ECF No. 1 at 4.) He further contends he was "fraudulently booked" and denied justice. *Id.* He explains that "he grieved the incident" and wrote letters of appeal, but was ignored. *Id.* Mr. Walker seeks compensatory damages from Defendants for the assault he suffered and for being ignored and "brushed under the rug." *Id.*

In the additional materials submitted, Mr. Walker elaborates on the allegations in his complaint. (ECF No. 1-1 and 1-2.) For example, he deems the vulgar sexual comment an act of "stupidity" and an "immature action[]." (ECF No. 1-1 at 2.) He explains that after he admitted to Lt. Tierney he was the one who made the comment to CO Destefano, he repeated the lewd comment to CO Destefano when CO Destefano was serving dinner. *Id.* Mr. Walker then made the same vulgar sexual comment a third time to CO Destefano, with even more graphic detail. *Id.* After the third comment, CO Destefano entered Mr. Walker's cell and ordered Mr. Walker to

---

facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken.")

[3] In letters submitted by Mr. Walker, it appears that "tossing" of the cells means searching the cells. (*See, e.g.*, ECF No. 1-1 at 1.)

cuff up. *Id.* Mr. Walker contends that he refused to cuff up because CO Destefano was the only one in his cell. *Id.* He explains that the "assault" was CO Destefano laying his hands on Mr. Walker to "try to force [him] to cuff up." *Id.* Mr. Walker refused, keeping his hands crossed in front of him. *Id.* CO Destefano pushed and pulled him, and with the assistance of CO Worden was finally able to get Mr. Walker out of his cell. *Id.* at 1-2. CO Destefano threatened Mr. Walker that he would be sprayed if he did not cuff up, and Mr. Walker finally cuffed up. *Id.* at 2.

Mr. Walker contends CO Destefano should not have entered his cell and his entry violated the Rules and Procedures from the Department of Corrections of R.I. (ECF No. 1 at 4.) He further claims he should not have been brought outside of his cell without cuffs. (ECF No. 1-1 at 2.)

Mr. Walker states that he wrote letters to Director Wall, Assistant Director McCauley, Warden Weeden, and Deputy Warden Leach but was "brushed off." (ECF No. 1 at 4.) Mr. Walker's letters mentioned that CO Destefano (i) assaulted him, (ii) fraudulently booked him, and (iii) with the help of 6-9 other officers searched cells and "harassed" innocent third parties. (ECF No. 1-1 at 1-4.) In one of his letters, Mr. Walker states that after CO Destefano's assault he was moved to Delta-II where CO Lindell harassed him for his status as a sex offender. (ECF No. 1-1 at 1-2.) Mr. Walker further alleges that he was booked fraudulently because he was denied the opportunity to present witnesses or to introduce video footage at his hearing and as a result was found guilty. (ECF No. 1-1 at 14-21.) He also complains that his evidence "is never looked at properly, pulled, examined and rebutted" and Lt. Doyle is "always finding [Mr. Walker] guilty with prejudice." *Id.* at 14.

Mr. Walker seeks both injunctive relief and monetary damages. (ECF No. 1 at 4.) First,

he wants compensatory damages in the amount of $725,000. (ECF No. 1-3 at 2.) Second, he wants "the courts to favor him in judgment" and have the fraudulent booking dismissed or a new trial granted before a different hearing officer. (ECF No. 1 at 4; 1-1 at 14.)

## II. LAW

### A. Screening under §§ 1915(e)(2) and 1915A

In connection with proceedings *in forma pauperis*, § 1915(e)(2) instructs the Court to dismiss a case at any time if the Court determines that the action, *inter alia*, "is frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Similarly, § 1915A directs courts to screen complaints filed by prisoners against "a governmental entity or officer or employee of a governmental entity" and dismiss the complaint, or any portion thereof, for the same reasons as those set forth in § 1915(e)(2). 28 U.S.C. § 1915A.

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2) and 1915A is the same standard used when ruling on a Rule 12(b)(6) motion to dismiss. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437 (6th Cir. 2012); *Rondeau ex rel Rondeau v. New Hampshire*, No. 98-1802, 1999 WL 1338348, at *1 (1st Cir. Feb. 26, 1999) (Table). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 12(b)(6). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp.*, 550 U.S. at 555). In making this determination, the Court accepts Mr. Walker's well-pled allegations as true and "scrutiniz[es] the complaint in the light most favorable to [him]." *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir.

1999). The Court construes pleadings of a *pro se* plaintiff "liberally" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

In the § 1915 context, frivolous "refers to a more limited set of claims." *Neitzke v. Williams*, 490 U.S. 319, 329 (1989). Complaints are "frivolous" if they lack "an arguable basis either in law or in fact." *Id.* at 325. Complaints containing an "indisputably meritless legal theory" are also frivolous; so too are "claims whose factual contentions are clearly baseless." *Id.* at 327. Examples of claims with an "indisputably meritless legal theory" include "claims against which it is clear that the defendants are immune from suit and claims of infringement of a legal interest which clearly does not exist." *Id.* (internal citation omitted).

Where *pro se* prisoners' complaints fail to state a claim but are not frivolous, the First Circuit has cautioned against sua sponte dismissal with prejudice "without affording plaintiff notice and an opportunity to be heard." *St. v. Fair*, 918 F.2d 269, 272 (1st Cir. 1990). Instead, district courts are advised to give plaintiffs "some form of notice and an opportunity to cure the deficiencies in the complaint." *Brown v. Rhode Island*, No. 12-1403, 2013 WL 646489, at *1 (1st Cir. Feb. 22, 2013) (vacating district court's dismissal under §§ 1915(e) and 1915A where district court did not "afford[] plaintiff notice or an opportunity to amend"). Here, however, Mr. Walker's complaint not only fails to state a claim but is also frivolous. Therefore, he will not be given an opportunity to amend.

B. <u>Legal Standard under § 1983</u>

"Section 1983 supplies a private right of action against a person who, under color of state law, deprives another of rights secured by the Constitution or by federal law." *Santiago v.*

*Puerto Rico*, 655 F.3d 61, 68 (1st Cir. 2011) (quoting *Redondo–Borges v. U.S. Dep't of HUD*, 421 F.3d 1, 7 (1st Cir. 2005)). "Section 1983 requires three elements for liability: deprivation of a right, a causal connection between the actor and the deprivation, and state action." *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 41 (1st Cir. 2009) (citing 42 U.S.C. § 1983).

### III. ANALYSIS

The Court has reviewed the allegations in Mr. Walker's filings and has attempted to define the claims that he seeks to bring. Since Mr. Walker is pro se, his pleadings have been "liberally construed" in his favor. *Ayala Serrano v. Lebrón González*, 909 F.2d 8, 15 (1st Cir. 1990) (citing *Estelle*, 429 U.S. at 106). Even under that generous standard, Mr. Walker's claims are frivolous.

#### A. Defendant CO Destefano

Mr. Walker makes several allegations about Co Destefano. Mr. Walker admits he made repeated lewd comments to CO Destefano. (ECF No. 1-1 at 4.) Mr. Walker alleges that after making these vulgar comments, while CO Destefano attempted to get him to cuff up and remove him from his cell, CO Destefano assaulted him. *Id.* Mr. Walker claims that his booking for "Interfering With the Duties of a Correctional Officer in a Physically or Verbally Hostile Manner" was fraudulent because CO Destefano should not have entered his cell. (ECF No. 1-1 at 10.) Finally, Mr. Walker complains CO Destefano searched the cells of other inmates in retaliation for a lewd comment Mr. Walker made. Mr. Walker believes "not everyone should be having their cells tossed because of one persons' actions, used as a form of punishment." (ECF No. 1-1 at 2; 13-19.)

##### 1. Assault

Mr. Walker admits his comments to CO Destefano were inappropriate and he refused to

cuff up. (ECF No. 1-1 at 1.) Several inmate records in the exhibits refer to this incident, and it appears that Mr. Walker was found guilty of two disobedience infractions entitled "Verbal Statements that Contains Amorous Expression and/or Sexual Language to Any Staff Member" (ECF No. 1-1 at 5-9) and one entitled "Interfering With the Duties of a Correctional Officer in a Physically or Verbally Hostile Manner." (ECF No. 1-1 at 10-12.) Mr. Walker explains CO Destefano should not have entered his cell without first telling him to cuff up. *Id.* at 10. When CO Destefano ordered Mr. Walker to do so he refused, and CO Destefano tried to force him to cuff up. *Id.* at 10, 13. After Mr. Walker resisted, CO Destefano proceeded to push and pull him out of the cell. *Id.*

Mr. Walker appears to assert a claim that CO Destefano violated his Eighth Amendment rights by allegedly assaulting him. In order to state an Eighth Amendment claim Mr. Walker must demonstrate "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312 (1986). Here, Mr. Walker alleges CO Destefano attempted to handcuff him, and when he refused to cooperate, CO Destefano physically removed him from his cell. (ECF 1-1 at 1-2.) The actions of the state official must be "'wanton', 'reckless', or 'grossly negligent'" to state a claim. *Leite v. City of Providence*, 463 F. Supp. 585, 590 (D.R.I. 1978) (quoting 42 U.S.C.A. § 1983 (West 1996)). Here, interpreting the Complaint in the light most favorable to Mr. Walker, CO Destefano acted in a manner necessary to maintain discipline after multiple demonstrations of defiance by Mr. Walker. (ECF 1-1 at 1.) The Court finds that CO Destefano's use of force "was applied in a good faith effort to maintain or restore discipline" rather than "maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (citations omitted). Further, a finding that Mr. Walker's injuries resulted from cruelty or deliberate infliction of pain would be unreasonable. *See Skinner v. Cunningham*, 430 F.3d 483,

487-89 (1st Cir. 2005) (holding that no rational jury could find excessive force was used after defendant resisted removal from his cell and was sprayed with a non-lethal chemical irritant, wrestled to the ground, forcibly handcuffed, and carried out of his cell suffering various injuries and lacerations). Based on the allegations before this Court, Mr. Walker's assertion of an Eighth Amendment right fails to state a claim.

Further, Mr. Walker's allegations regarding the alleged "assault" are also legally frivolous because CO Destefano is "immune from suit." *See Neitze v. Williams*, 490 U.S. 319, 327 (1989). "The qualified immunity doctrine provides defendant public officials an immunity from suit and not a mere defense to liability." *Maldonado v. Fontanes*, 568 F.3d 263, 268 (1st Cir. 2009) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Courts employ a two-part test when evaluating qualified immunity: "(1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right; and (2) if so, whether the right was "clearly established" at the time of the defendant's alleged violation." *Id.* at 269 (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). Here, since there was no violation of a constitutional right, CO Destafano is entitled to qualified immunity, rendering Mr. Walker's assault claim legally frivolous.

2. Booking and Searches

Regarding his bookings, materials Mr. Walker put before the Court indicate he did interfere with the duty of a correctional officer. (ECF No. 1-1 at 5-10.) Further, Mr. Walker admits he refused to cuff up and that he repeatedly made vulgar sexual comments to CO Destefano. (ECF No. 1-1 at 1-4.) There are no allegations or materials from which the Court can ascertain a claim under the Eighth Amendment, Fourteenth Amendment, or Due Process clause in connection with Mr. Walker's bookings.

Regarding the tossing or searching of the cells, inmates cannot challenge the search of a prison cell on Fourth Amendment grounds. *See Sanchez v. Pereira-Castillo*, 590 F.3d 31, 42 n.5 (1st Cir. 2009) (quoting *Hudson v. Palmer*, 468 U.S. 517, 525–26 (1984)). Further, prison administrators are given wide deference in regards to practices which maintain the order and safety of inmates and staff. *See Bell v. Wolfish*, 441 U.S. 520, 547 (1979). The Court recognizes that "security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of ... convicted prisoners." *Id.* at 546. Therefore, Mr. Walker's protestations regarding the cell searches are frivolous.

B.  Defendant CO Worden

Mr. Walker alleges CO Worden "was present and assisted" CO Destefano in removing Mr. Walker from the cell. (ECF No. 1-2 at 1-3.) As explained above, the Court does not find an Eighth Amendment violation of Mr. Walker's rights and dismisses any claims against CO Worden in connection with the alleged assault as frivolous.

C.  Defendant CO Lindell

In one of his letters, Mr. Walker states that after he was moved to Delta-II CO Lindell harassed him because of his status as a sex offender. (ECF No. 1-1 at 2.) Mr. Walker cites an alleged conversation during which CO Lindell made rude comments. *Id.* Firstly, "[v]erbal threats and name calling usually are not actionable under § 1983." *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993)(citation omitted). Secondly, Mr. Walker's status as a sex offender is not a protected class that would render the comments unconstitutional. *See Hill v. Gill*, 703 F. Supp. 1034, 1037 (D.R.I. 1989) (*aff'd*, 893 F.2d 1325 (1st Cir. 1989)) (holding that persons convicted of felonies are not a protected class) (citing *Upshaw v. McNamara*, 435 F.2d 1188, 1190 (1st Cir. 1970)). Although the Court would frown upon any derogatory comments,

Mr. Walker's attempt to turn those comments into a constitutional violation is without merit.

D. <u>Defendant Lt. Tierney</u>

Mr. Walker confessed to Lt. Tierney that he made lewd comments to CO Destefano and Lt. Tierney appears on the inmate records as having reported Mr. Walker's behavior. (ECF No. 1-1 at 5.) However, it is unclear what if any cause of action Mr. Walker seeks to bring against Lt. Tierney for reporting him. Mr. Walker, therefore, has failed to state a claim against Lt. Tierney in connection with these allegations.

E. <u>Defendant Lt. Doyle</u>

In his letters, Mr. Walker mentions Lt. Doyle "refuses to let [him] exercise [his] rights to their fullest extents," because of his refusal to allow Mr. Walker to introduce witnesses or video footage of the incidents for which he was booked. (ECF No. 1-1 at 13.) It appears Mr. Walker seeks to assert a claim that Lt. Doyle violated his right to due process in denying the introduction of witnesses or video footage. Prisoners "retain rights under the Due Process Clause" however, this "in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Procedural due process questions are examined in two steps: "the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted).

Focusing first on whether there is a liberty interest, the Court notes that the punishment for the vulgar statements made to CO Destefano amounted to 20 days loss of good time and disciplinary confinement, and the separate booking regarding his interference with the duties of a correctional officer by failing to cuff up amounted to 30 days of disciplinary confinement. (ECF

No. 1-1 at 6-7, 9, 11.) There is no liberty interest in a punishment consisting of 30 days in solitary confinement, as such a disciplinary measure is not "atypical" punishment nor "a major disruption in [the prisoner's] environment." *Sandin v. Conner*, 515 U.S. 472, 486 (1995). Also, "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id.* at 485.

Further, the alleged violation in question is the right to introduce witnesses or video footage. This right is viewed in light of the fact that, "[p]rison officials must have the necessary discretion to keep [a disciplinary hearing] within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Wolff*, 418 U.S. at 566. The First Circuit held that the decision to call witnesses and admit evidence is highly discretionary. *See Smith v. Massachusetts Dep't of Correction*, 936 F.2d 1390, 1399-1400 (1st Cir. 1991) (finding that the right to call witnesses was limited by the discretion of police officials, who acted to further institutional safety or correctional goals). Also, the Court notes that although witnesses were not called, the "[h]earing officer considered what inmate Walker stated his witnesses would say." (ECF No. 1-1 at 12.)

Because Mr. Walker's Complaint did not assert a liberty interest that calls into question a due process violation and because his disciplinary hearing procedures were justified and constitutionally sufficient, he has not stated a claim upon which relief may be granted. Therefore, all related claims against Lt. Doyle must be dismissed.

F. <u>Counselor Amaral</u>

Mr. Walker submitted to the Court what appears to be a daily log describing his interactions with officers, and in several entries he mentions Counselor Amaral. (ECF No. 1-2 at

5-21.) Mr. Walker's grievances against Counselor Amaral appear to relate to the denial of a "legal call," Xerox copies of legal material, manila envelopes, and a copy of his certified six month money ledger. (ECF No. 1-2 at 6-21.) Mr. Walker does not indicate whether he received satisfactory access to legal materials. The exhibits are inconclusive. Mr. Walker, therefore, has failed to state a claim against Counselor Amaral in connection with these allegations.

    G.    <u>Defendants Director Wall, Assistant Director McCauley, Warden Weeden, Deputy Warden Leach, and Internal Affairs Officer Catlow</u>

In the Complaint, Mr. Walker states he "wrote letters, appeals, and grievances to everyone in the chain-of-command was spoken to but ignored." (ECF No. 1 at 4.) The exhibits contain several handwritten letters addressed to defendants Director Wall, Assistant Director McCauley, Warden Weeden, Internal Affairs Officer Catlow, and Deputy Warden Leach in which Mr. Walker addresses CO Destefano's alleged assault and asks that they investigate the matter. (ECF No. 1-1 at 1-4; 13-21.) It is unclear what if any claims Mr. Walker seeks to raise against these defendants in connection with the letters. However, "there is no *respondeat superior* liability" in the ordinary sense of that concept under § 1983. *Feliciano v. DuBois*, 846 F. Supp. 1033, 1045 (D. Mass. 1994) (holding that a state official's "obligations to enforce or execute state laws do not make [him] responsible for the specific acts of correctional officials"). "That is, a defendant supervisor cannot be held liable for the constitutional violations of a subordinate merely by virtue of the defendant's status as supervisor." *Id.* Therefore, all claims against defendants Director Wall, Assistant Director McCauley, Warden Weeden, Internal Affairs Officer Catlow, and Deputy Warden Leach are dismissed.

    H.    <u>Defendants Internal Affairs Officer Wells, Captain Headen, and CO Ventura</u>

It is unclear what, if any, claims Mr. Walker seeks to raise against Internal Affairs

Officer Wells, Captain Headen, and CO Ventura. These individuals are named as defendants but not mentioned throughout the materials Mr. Walker provided. Therefore, the Court will dismiss any claims against Internal Affairs Officer Wells, Captain Headen, and CO Ventura as frivolous.

### IV.   CONCLUSION

After reviewing the Complaint, the Civil Cover Sheet, and the exhibits, the Court finds that Mr. Walker's Complaint is frivolous and it fails to state a claim upon which relief can be granted.

Therefore, the Court hereby:

1. DISMISSES without prejudice all claims against all fourteen defendants.

2. DISMISSES Mr. Walker's IFP Application (ECF No. 2) as MOOT.

3. Finally, Mr. Walker is hereby put on notice of the three-strike rule:[4] Under 28 U.S.C. § 1915 (g), if Mr. Walker "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," then she *shall not* "bring a civil action or appeal a judgment in a civil action or proceeding under this section . . . unless [he] is under imminent danger of serious physical injury." (Emphasis added.)

IT IS SO ORDERED.

/s/ John J. McConnell, Jr.

John J. McConnell, Jr.
United States District Judge
June 20, 2013

---

[4] In 2013, Mr. Walker has filed three complaints in this Court, 13-cv-013-ML, 13-cv-156-M, and 13-cv-303-M.